**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ubaldo SANTANA–REYES,**
**Defendant—Appellant.**

No. 02–50609.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Oct. 9, 2003.

Before: KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Ubaldo Santana–Reyes ("Santana") appeals the judgment and sentence imposed by the district court after a jury convicted him of attempted entry into the United States after deportation, in violation of 8 U.S.C. § 1326, and making a false claim of United States citizenship, in violation of 18 U.S.C. § 911.

Santana's sole defense at trial was that he did not intend to enter the United States. To that end, Santana argued that the driver of the car in which he was traveling took a wrong turn toward the U.S./Mexican border, into heavy Memorial Day traffic funneling into the border crossing, and they were unable to turn the car around before reaching the border checkpoint.

In support of his defense, Santana sought to introduce the following evidence: (1) the driver of the car, a friend visiting from the United States, had brought specific items from family in California requested by Santana's family in Guadalajara; (2) Santana and the driver had gone

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

shopping in Tijuana and had purchased shoes for Santana's young son in Guadalajara; (3) Santana purchased a box in Tijuana to ship all of these items back to Guadalajara so that he could return unencumbered by plane, as planned; and (4) all of these items were in the car at the border crossing. The district court excluded all of this evidence as irrelevant, ruling that this case was "not about transporting property." The district court did not elaborate further.

Santana also sought to introduce testimony from his mother regarding his close relationship with his seven-year-old son in Guadalajara, and that Santana had only packed for a two-day trip to Tijuana. The district court excluded this testimony as irrelevant, ruling that Santana's mother "knows nothing about the border," which is "where this all happened." Once again, the district court did not elaborate on its ruling.

█ It is an abuse of discretion to exclude evidence that corroborates "the crux" of the defense solely on the ground that it is irrelevant. *See United States v. James,* 169 F.3d 1210, 1215 (9th Cir.1999); *see also DePetris v. Kuykendall,* 239 F.3d 1057, 1064 (9th Cir.2001) (citing *James* ). Here, the excluded evidence tends to corroborate Santana's claim that he intended to return to Guadalajara, not to enter the United States. It was fundamental direct evidence offered by Santana to support his sole defense. The district court's stated reasons for excluding these critical pieces of evidence were based on an unreasonably narrow view of their relevance. Thus, excluding this evidence was an abuse of discretion.

█ "For errors of nonconstitutional magnitude, the government must show that the prejudice resulting from the error was more probably harmless than not. This requires a showing of 'fair assurance' that the judgment was not substantially swayed by the error." *United States v. Hermanek,* 289 F.3d 1076, 1096 (9th Cir. 2002) (quoting *United States v. Mett,* 178 F.3d 1058, 1066 (9th Cir.1999)). The excluded evidence would have corroborated the crux of Santana's defense. The exclusions left Santana with little or no direct evidence on his lack of intent to enter the United States. Thus, it cannot be fairly said that these erroneous exclusions were more probably harmless than not.

**REVERSED and REMANDED.**